**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00584-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Barbara Blanckensee, | |
| Respondent. | |

Pending before the Court are Petitioner's Objection (Doc. 18) to Magistrate Judge Jacqueline Rateau's Report and Recommendation ("R&R") (Doc. 15), as well as Petitioner's Motion for Reconsideration (Doc. 21) of the Court's March 5, 2021 Order (Doc. 16) adopting the R&R. The Court previously granted Petitioner an extension of time to file the Objection, deemed the Objection timely, and ordered a Response to the Objection and the Motion for Reconsideration. (Doc. 22.) Respondents filed their Response to the Objection and the Motion for Reconsideration on April 14, 2021. (Doc. 23.) For the following reasons, the Objection will be overruled and the Motion for Reconsideration will be denied.

**I.     Background**

On February 10, 2021, Magistrate Judge Rateau issued an R&R recommending that the District Court deny and dismiss Petitioner Jeremy Pinson's[1] Petition for Writ of

---
[1] Petitioner is transgender and uses female pronouns.

Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 15.) The R&R stated that the parties "shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court." (*Id*. at 9); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a), 6(e). On March 5, 2021, with no objections having been filed, the Court issued an Order accepting and adopting in full the R&R. (Doc. 16.)

On March 8, 2021, Petitioner filed an Objection to the R&R. (Doc. 18.) Contemporaneously with the Objection, Petitioner filed a Motion for Extension of Time to File Objection (Doc. 19) and a Notice of Change of Address notifying the Court of her new address at USP-Coleman II in Florida (Doc. 20). On March 30, 2021, the Court granted Petitioner's Motion for Extension of Time to File Objection on the basis that Petitioner averred that she received a copy of the R&R after the deadline for objecting had already expired. (Doc. 22.) On March 22, 2021, Petitioner filed a Motion for Reconsideration, asking the Court to reconsider its Order adopting the R&R because (1) it was issued prior to the filing of Petitioner's Objection, and (2) the Clerk of Court allegedly did not receive Petitioner's Notice of Change of Address because Petitioner did not have the case number in this matter when she mailed Notices of Change of Address from her new address at USP-Coleman II. (Doc. 21.) Petitioner avers that when the Clerk "remailed the R&R and it was received," she immediately filed the Notice. (*Id*.)

In response, Respondents argue that reconsideration should be denied due to Petitioner's failure to keep the Court apprised of her current address. (Doc. 23.) Respondents aver that, during the course of this action and prior to January 8, 2021, Petitioner was transferred from USP-Tucson to USP-Coleman II in Coleman, Florida. (*Id*. at 4.) Respondents aver that Petitioner did not file a notice of change of address in this matter until March 8, 2021 and that Petitioner has provided no evidence or documentation, other than her self-serving statements, that the R&R was returned to the Court as undeliverable or that it was remailed to her as a result of being sent to the wrong institution. (*Id*.; *see also* Doc. 20.) Respondents further aver that Petitioner demonstrated

her ability to file Notices of Change of Address by doing so in multiple other cases. (*Id.* at 5.) Respondents argue that Petitioner's failure to keep the Court timely informed of her address "has resulted in an attempt to completely undo the Court's review of the Magistrate Judge's recommendation." (*Id.*) In the alternative, Respondents argue that Petitioner's Objection should be overruled on the merits. (*Id.*)

## II. Petitioner's Failure to Report Change of Address

### a. Applicable Law

Local Rule of Civil Procedure 7.2(g) sets forth the standard under which a Court reviews a Motion for Reconsideration. It states:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

*See also School Dist. No. 1J, Multnomah Cnty. V. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.") In the District of Arizona, motions for reconsideration will be granted when:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened after the Court's decision;
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

"Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Whether to grant reconsideration is within the sound discretion of the trial court. *Id*. A denial of a motion for reconsideration is reviewed for abuse of discretion. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

"[A]n unrepresented party who is incarcerated must submit a notice [of change of address] within seven (7) days after the effective date of the change. A separate notice must be filed in each active case." LRCiv 83.3(d). The Court informed Petitioner of this Rule at the inception of this action, stating in its Screening Order that:

> If Petitioner's address changes, Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

(Doc. 4 at 2.)

A "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Failure to comply with an order of the Court may also be a proper ground for dismissal. Fed. R. Civ. P. 41(b). Courts in this district have dismissed pro se plaintiffs' actions for failure to provide notices of change of address. *See McLean v. Shinn*, No. CV-20-00293-TUC-JGZ (MSA), 2021 WL 242101, at *1 (D. Ariz. 2021); *Harris v. Ryan*, No. CV-18-00308-TUC-JGZ, 2019 WL 6875382, at *1 (D. Ariz. 2019); *Cooper v. DeMeritt*, No. CV-18-00300-TUC-JGZ, 2018 WL 4220859, at *2 (D. Ariz. 2018) (dismissing pro se plaintiff's action with prejudice for failure to respond to motion to dismiss and failure to provide notice of change of address). "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). "A party, not the

district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988); *see also Keno v. State of Arizona*, No. CV-16-00721-TUC-JGZ, 2018 WL 2387944, at *1 (D. Ariz. 2018) (adopting Report and Recommendation where it had been returned as undeliverable due to inmate petitioner's release from custody and failure to file a notice of change of address).

### b. Analysis

Petitioner has not met the standard for granting a motion for reconsideration. Petitioner has shown neither manifest error nor new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. LRCiv 7.2(g). Nor has Petitioner shown that the Court failed to consider material facts that were presented to the Court before its decision. While the Court previously found Petitioner's Objection timely filed, that finding was based on Petitioner's averment that she did not receive the R&R until after the deadline for filing objections had expired. The Court agrees with Respondents that the records indicates that the reason Petitioner did not receive a copy of the R&R until after the deadline expired was because she failed to timely file a Notice of Change of Address notifying the Court of her new address at USP-Coleman II. LRCiv 83.3(d). Pursuant to both the Local Rules and applicable case law, a failure to notify the Court of a change in address is not an appropriate basis for reconsideration. Thus, the Court will deny the motion for reconsideration and overrule Petitioner's Objection.

### III. Merits of Petitioner's Objection

Even if the Court were to excuse Petitioner's failure to file a notice of change of address and review her Objection to the R&R on the merits, the Objection fails.

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Petitioner's primary argument in her Objection is that the R&R "completely ignores" her declaration. (Doc. 18; *see also* Doc.

1    13-1.) However, the magistrate judge made detailed factual and legal findings in support
2    of the recommendation to dismiss the Petition. (*See* Doc. 15.) The R&R finds first that
3    Petitioner did not exhaust the administrative remedy process with respect to her discipline
4    hearing and therefore that the Petition should be denied on procedural grounds. (*Id*. at 6.)
5    Going on to address the merits of the Petition, the R&R finds that (1) Petitioner was
6    afforded procedural and substantive due process; (2) the Discipline Hearing Officer
7    "properly relied" on the relevant evidence and exceeded the "some evidence" standard
8    for prison disciplinary hearings; and (3) Petitioner did not establish a colorable claim of
9    First Amendment retaliation. (Doc. 15 at 6-9.) The R&R does consider Petitioner's
10   evidence as set forth in her declaration but finds it unpersuasive because Petitioner "does
11   not identify any effort she made to file the appeal in the correct region or explain why
12   those efforts would have been futile," particularly in light of Petitioner's previous
13   experience with the exhaustion requirement. (*See* Doc. 15 at 5; *see also* Doc. 13-1.) In
14   finding that there is "no evidence" that Petitioner was denied due process at her
15   disciplinary hearing, the R&R reviews the entirety of the record and finds that
16   Petitioner's "right to call witnesses and be represented was honored throughout the
17   process" but that she simply chose not to call witnesses or present evidence. (Doc. 15 at
18   7-8.) Petitioner's contention that the magistrate judge ignored or incorrectly weighed her
19   evidence, including evidence in her declaration, is without merit.
20        Accordingly,
21        **IT IS ORDERED** that Petitioner's Motion for Reconsideration (Doc. 21) is
22   **denied**.
23   . . . .
24   . . . .
25   . . . .
26   . . . .
27   . . . .
28   . . . .

**IT IS FURTHER ORDERED** that Petitioner's Objection (Doc. 18) is **overruled**. The Court's March 5, 2021 Order (Doc. 16) is **affirmed**.

Dated this 14th day of June, 2021.

Honorable Rosemary Márquez
United States District Judge